**BALLINGER LIGHT, POWER & ICE CO. v. CITY OF BALLINGER et al. (No. 6479.)**

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1922.)

**Injunction ⚹135—Denial of temporary order restraining sale of municipal bonds held not abuse of discretion.**

In a suit by a taxpayer to cancel a sale of municipal bonds totaling $65,000, on the ground that the bonds had been sold for $10,000 less than the par value and accumulated interest, *held*, that the court did not abuse discretion in refusing temporary injunction restraining city, pending the trial, from expending the sum realized from the bonds, where it appeared the city already had expended $45,000 of the proceeds in the construction of the power plant, and that, unless allowed to proceed therewith, it would suffer irreparable injury.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by the Ballinger Light, Power & Ice Company against the City of Ballinger and others. A preliminary injunction was denied, and plaintiff appeals. Affirmed.

JENKINS, J. The city of Ballinger, after fully complying with the law in reference thereto, issued $65,000 of bonds for the purpose of establishing an electric light plant, and $10,000, of bonds, the proceeds to be used on the waterworks system owned by said city.

The appellant, a taxpayer of said city, brought this suit, alleging that appellee, city of Ballinger, had sold said bonds to J. L. Arlitt, of the city of New York, for $10,000 less than their par value and accumulated interest, in violation of article 617, Revised Statutes, of this state; and that Arlitt had sold said bonds to J. C. Mayer, of Hamilton county, Ohio, who was at the time of said purchase cognizant of the fact that said bonds had been so sold in violation of the laws of this state. Appellant seeks to have said sale canceled for the reasons stated.

Appellee, city of Ballinger, answered that it sold said bonds for their par value with accumulated interest, but admitted that it paid Arlitt $10,000 commission for effecting such sale, and for services rendered in connection with the issuance of the bonds.

Whether the $10,000 was a commission, paid in good faith as such, or only a subterfuge, is not an issue involved on this appeal. Neither Arlitt nor Mayer had been cited when the judgment herein was entered.

In addition to seeking to cancel the sale of the bonds referred to, appellant alleged that the proceeds of the sale of said bonds less said $10,000 were in the city treasury, and that appellee, city of Ballinger, was threatening to expend the same, and asked for temporary injunction restraining it from so doing.

Appellee, city of Ballinger, replied that it, in good faith, had already expended the sum of $45,000 in the construction of the power plant for which said bonds were issued, and that the immediate expenditure of the remainder for its completion was necessary, and that, unless allowed to proceed therewith, it would suffer irreparable injury.

The court, after hearing the evidence, denied appellant's prayer for a temporary injunction, and from that judgment this appeal is prosecuted.

No brief for either party has reached us. We are of the opinion that the court did not abuse its discretion in refusing the writ prayed for, and therefore we affirm the judgment herein, without reference to the merits upon the final trial hereof.

Affirmed.